IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                          :
                                                :
FRANK PEREZ SERRANO,                            :        Case No. 04-04897 (GAC)
DAMARIS ROMERO MALDONADO,                       :
                                                :
            Debtor                              :        Chapter 13
                                                :
_____       :

### DECISION AND ORDER

The debtors filed a petition under Chapter 13 on May 10, 2004. The debtors filed a plan which proposes payments of $1,790.00 for five months, $1,890.00 for fifty-five months and a lump sum payment of $4,000.00 for a total base of $116,900.00 (dkt. #9). Payments to Doral/HF Financial Corp. for secured arrears and mortgage payments will total $103,962.24. The remaining claims filed amount to $8,526.62, between five claimants, and $1,059.00 in attorneys' fees for debtors' counsel. The debtors plan also provided for lift of stay for Capital Leasing Source Corp. ("Capital") to recover its collateral. The trustee favorably recommends the debtors' plan.

The debtors scheduled Capital as having two disputed secured claims, one in the amount of $3,195.00 based on a lease agreement and a second claim of $959.00 for legal fees related to the lease. Capital filed a proof of secured claim in the amount of $4154.50, which it amended twice, but not as to the amount.

Capital filed a motion objecting to the debtors' proposed plan, indicating that during the § 341 examination, the debtors declared under oath that they had sold the leased equipment and

1

paid other creditors (dkt. #14).  Capital also alleged that the Chapter 13 trustee would disburse the total amount owed to creditors and attorneys, excluding it.  Capital claimed that the proposed plan did not comply with 11 U.S.C. § 1325(a).  The debtors filed a reply indicating that Capital would be paid as determined by the Court and that it was the debtors' position that Capital is an unsecured creditor (dkt. #17).

The debtors filed an objection to Capital's claim, arguing that the contract and documents attached to the claim are not evidence of secured status (dkt. #19).  The debtors also argue that there is no evidence of registration of a lien over property of the estate.  Capital replied contending that it filed a financing statement with the Department of State on November 9, 2000, which has the same effect as a security agreement (dkt. #25).  Capital also indicates that it obtained judgment against the debtors on November 12, 2003.

At the hearing on confirmation, the Court took the matters between the debtors and Capital under advisement and granted them time to file memorandums of law.  Capital and the debtors filed briefs in support of their positions (dkts. #44 and #45, respectively).  In its brief, Capital argues that debtors committed an illegal act, in selling its collateral prepetition, to unknown persons through a newspaper ad.  Capital did not have knowledge of the sale and did not consent.  Capital alleges that the debtors'

plan was not filed in good faith and that the debt is nondischargeable as a debt for willful and malicious injury by the debtors to another entity or to the property of another entity. Capital also alleges that the debtors' behavior is fraudulent and requests referral to the U.S. Attorney's Office.

The debtors argue that their debt to Capital arises from a lease contract and that at all times the property remained titled to Capital. Thus, the debtors allege that because the property belonged to Capital, it could not be property of the estate. The debtors conclude that Capital is an unsecured creditor.

<u>DISCUSSION</u>

<u>Classification of Capital's claim</u>

Capital obtained a judgment against the debtors approximately six months prior to the filing of this bankruptcy petition. Capital has alleged, and the debtors have not disputed, that after Capital obtained its judgment, the debtors sold the equipment that it had leased from Capital and used the funds for purposes other than the payment of Capital's claim. While the parties dispute whether the lease agreement and its registration granted Capital a security interest in the equipment, it is unnecessary to resolve this point. Capital errs in equating an alleged security interest in the equipment with allowance of a secured claim in the bankruptcy proceeding. Because the equipment was sold prepetition, it is well settled law, that the creditor has only an unsecured

claim even if it continues to have a security interest in the collateral pursuant to state law.  See In re Walton, 243 B.R. 793 (Bankr.M.D.Ala.  1999);  In re Alexander,  225  B.R.  665 (Bankr.E.D.Ark.  1998);  Magna Bank v. Gilsinn,  224  B.R.  710 (Bankr.E.D.Mo. 1997); In re Gabor, 155 B.R. 391 (Bankr.N.D.W.Va. 1993); In re Elliot, 64 B.R 429 (Bankr.W.D.Mo. 1986).

The rationale for treating a secured creditor with no collateral as an unsecured creditor in bankruptcy is two-fold. First, because the existence of a secured claim requires the availability of collateral to secure the creditor's right to payment.  See In re Elliot, 64 B.R. at 430.  Second, even if a secured creditor with no collateral were classified as a secured creditor, valuation of the claim would require that its claim be treated as unsecured.  The Bankruptcy Code provides that a claim is secured "to the extent of the value of such creditor's interest in the estate's interest in such property" and is unsecured "to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim."
11 U.S.C. § 506(a)

In the present case, it is undisputed that the equipment was sold and neither the debtors nor Capital have access to it. Accordingly, the Court concludes that the estate's interest in the equipment is of no value.  Because the estate's interest in the equipment is zero, the secured portion of Capital's claim is zero

and the balance, which is the entire claim, is unsecured under §

506(a).

The Court concludes that the fact that the debtors voluntarily

transferred or sold the collateral prepetition does not alter the

classification of Capital's claim. See In re O'Conner, 280 B.R.

907 (Bankr.S.D.Ala. 2002); In re Garrison, 95 B.R. 461

(Bankr.E.D.Ky. 1988)(debt is unsecured even though debtor sold

collateral to a pawn shop prior to filing bankruptcy); In re Byrd,

92 B.R. 238 (Bankr.N.D.Ohio 1988)(debt is unsecured even though

debtor gave away some of creditor's collateral); In re Elliott, 64

B.R. 429. See also Pitcock v. Firstbank of Muleshoe (In re

Pitcock), 208 B.R. 862, 866 (Bankr.N.D.Tx. 1997). Accordingly, the

debtors' objection to Capital's secured claim will be granted and

Capital's claim will be allowed as a general unsecured claim.

Good Faith

Capital alleges that the debtors' Chapter 13 plan was not

filed in good faith. The debtors must file their Chapter 13 plan

in good faith. 11 U.S.C. § 1325(a); see also In re Dicey, 312 B.R.

456, 458 (Bankr.D.N.H. 2004); In re Fluery, 294 B.R. 1, 5

(Bankr.D.Mass. 2003); and In re Virden, 279 B.R. 401, 407

(Bankr.D.Mass. 2002). The debtors have the burden of proving that

their plan was filed on good faith. Dicey, 312 B.R. at 458;

Virden, 279 B.R. at 407.

The term "good faith" is not defined by the Bankruptcy Code

5

and thus courts engage in a multi-faceted analysis on a case-by-case basis. Virden, 279 B.R. at 407-09. What has a evolved is a totality of the circumstances test through which courts determine whether debtors are attempting to thwart their creditors, or making an honest effort to repay them to the best of their ability. See Sullivan v. Solimini, 326 B.R. 204 (B.A.P. 1st Cir. 2005). Among the factors courts consider, are: (1) debtors' accuracy in stating their debts and expenses, (2) debtors' honesty in the bankruptcy process, (3) whether the Bankruptcy Code is being unfairly manipulated,(4) the type of debt sought to be discharged, (5) whether the debt would be dischargeable in a Chapter 7, and (6) debtors' motivation and sincerity in seeking Chapter 13 relief. Sullivan, 326 B.R. at 212. Considered within these factors would be debtors' history of filings and dismissals and whether the debtors only intended to defeat local court litigation. Id.

In the present case, the Court concludes that there is no evidence to suggest that the debtors lacked good faith in proposing their Chapter 13 plan. This is the debtors first petition in bankruptcy. Their primary debts are for mortgage arrears and current mortgage payments. The debtors owe less than $10,000.00 in unsecured and priority debt. The Chapter 13 trustee determined that their estate has no liquidation value and has favorably recommended their plan.

Capital is the only party objecting to confirmation and on the

6

basis that the debtors propose to treat Capital's claim as unsecured, which it clearly is because the debtors and therefore the estate, had no interest in the equipment which allegedly secured Capital's lien when the debtors filed this petition. Moreover, Capital obtained its judgment six months prior to the filing of the petition and thus there is no evidence that the debtors filed the petition to defeat local court litigation. The Court concludes that there is meager evidence from which to conclude that the debtors proposed their plan in bad faith.

The Court concludes that Capital's arguments as to the nondischargeability of its debt are not properly before the Court. In order to seek a determination that the debt is nondischargeable under 11 U.S.C. § 523, Capital must file an adversary proceeding pursuant to Fed. R. Bankr. P. 7001. Moreover, Capital claims that the debtors committed a criminal act in selling the equipment. The Court notes that criminal remedies may exist based on the representations by the debtors that the property was never titled in the debtors and that the equipment was titled to and thus owned by Capital. However, this is not the proper forum to request these remedies. Accordingly, Capital's objection to confirmation will be denied.

ORDER

WHEREFORE IT IS ORDERED that Capital's objection to confirmation is DENIED. A separate order confirming the debtors' plan will be entered.

IT IS FURTHER ORDERED that the debtors' objection to Capital's claim is GRANTED. Capital's claim is allowed as a general unsecured claim.

SO ORDERED.

San Juan, Puerto Rico, this 7th day of September, 2005.

/s/
_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge